**DUANE MORRIS LLP**
Gregory P. Gulia
Vanessa C. Hew
R. Terry Parker
Larry Selander (prospective *pro hac vice*)
Elinor L. Hart (prospective *pro hac vice*)
1540 Broadway
New York, NY 10036

*Attorneys for Plaintiffs*

JUDGE NATHAN

13 CV 1336

RECEIVED
FEB 27 2013
U.S.D.C. S.D. N.Y.
CASHIERS

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

APOLLO GROUP, INC. and UNIVERSITY OF
PHOENIX, INC.

                    Plaintiffs,

            v.

CHEGG, INC., STUDENT OF FORTUNE, INC.,
DANIEL ROSENSWEIG, and SEAN MCCLEESE,

                    Defendants.

Case No.:

**COMPLAINT AND JURY DEMAND**

Plaintiffs, Apollo Group, Inc. ("*Apollo*") and University Of Phoenix, Inc. ("*UOPX*" and together with Apollo, the "*Plaintiffs*"), for their Complaint against Defendants Chegg, Inc. ("*Chegg*"), Student of Fortune, Inc. ("*Student of Fortune*"), Daniel Rosensweig ("*Rosensweig*") and Sean McCleese ("*McCleese*" and together with Chegg, Student of Fortune, and Rosensweig, the "*Defendants*"), allege as follows:

### SUBSTANCE OF THE ACTION

This action concerns Defendants' violation of the exclusive rights held by Plaintiffs in copyrighted educational materials ("*UOPX Copyrighted Educational Materials*"), which

Defendants reproduce, distribute, and publicly display through the website http://www.studentoffortune.com, a website that is, upon information and belief, owned and operated by Defendants ("*Defendants' Website*").  In addition, because it solely serves Defendants' financial interests, Defendants enable and encourage massive copyright infringement by the users of Defendants' Website by paying substantial sums to users to reproduce, distribute, and publicly display Plaintiffs' UOPX Copyrighted Educational Materials on Defendants' Website.

As a result of Defendants' ongoing and pervasive unlawful sales and actions, Plaintiffs have been forced to bring this action for willful copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101 *et seq*. Plaintiffs seek injunctive relief and damages as a result of Defendants' direct, contributory, and vicarious copyright infringement of Plaintiffs' exclusive reproduction, distribution, and public display rights in the UOPX Copyrighted Educational Materials.

**PARTIES**

1.      Plaintiff Apollo is a corporation duly organized and existing under the laws of Delaware with its principal place of business at 4025 S. Riverpoint Parkway, Phoenix, Arizona 85040.

2.      Plaintiff UOPX is a corporation duly organized and existing under the laws of Delaware with its principal place of business at 1625 West Fountainhead Parkway, Tempe, Arizona 85282.

3.      Upon information and belief, defendant Chegg is a corporation duly organized and existing under the laws of Delaware with its principal place of business at 2350 Mission College Boulevard, Suite 1400, Santa Clara, California 95054.

4.     Upon information and belief, defendant Student of Fortune is a limited liability company duly organized and existing under the laws of Delaware with its principal place of business at 2350 Mission College Boulevard, Suite 1400, Santa Clara, California 95054.

5.     Upon information and belief, Student of Fortune was acquired by Chegg in 2011 and Chegg and/or Rosensweig are presently members of Student of Fortune.

6.     Upon information and belief, defendant Rosensweig is an individual with offices at 2350 Mission College Boulevard, Suite 1400, Santa Clara, California 95054.   Upon information and belief, Rosensweig is the Chief Executive Officer of Chegg and personally makes decisions regarding, participates in, directs, exercises control over, and benefits from Student of Fortune's infringing activities.

7.     Upon information and belief, defendant McCleese is an individual with offices at 3172 Rubio Canyon Road, Altadena, California 91001.  Upon information and belief, McCleese is the founder of Student of Fortune and is or has been the president and principal operator of Student of Fortune, personally making decisions regarding, participating in, directing, exercising control over, and benefitting from Student of Fortune's infringing activities.

### JURISDICTION AND VENUE

8.     This is a civil action seeking damages and injunctive relief for copyright infringement under the copyright laws of the United States.  Jurisdiction is therefore proper under 17 U.S.C. § 101 *et seq.*, 28 U.S.C. § 1331, and 28 U.S.C. § 1338.

9.     Personal jurisdiction over Defendants is proper.  Defendants are conducting business in this District and committing unlawful acts in this State, including without limitation Defendants' copyright infringement, which causes harm in this State and District.

10.     Upon information and belief, Defendants' marketing, distribution and/or sale of Defendants' products and services in New York constitute substantial contacts with the State of New York, such that Defendants may reasonably anticipate being brought into a New York court.

11.     Upon information and belief, Defendants also operate one or more interactive websites by which Defendants solicit Internet users in New York for contact information so users in New York may register and interact with Defendants' Website to purchase goods and/or services.

12.     This Court also has personal jurisdiction over Rosensweig because, upon information and belief, he maintains substantial contacts with New York and both benefits from and actively participates in, controls and/or directs, in whole or in part, the activities of Student of Fortune, including the activities and operations complained of herein.

13.     This Court also has personal jurisdiction over McCleese because, upon information and belief, he maintains substantial contacts with New York and now or has in the past both benefitted from and actively participated in, controlled and/or directed, in whole or in part, the activities of Student of Fortune, including the activities and operations complained of herein.

14.     Further, Defendants knew or should have known that they are causing harm to Plaintiffs in New York.  Thus, Defendants should reasonably anticipate being subject to this Court's jurisdiction.

15.     Pursuant to 28 U.S.C. § 1391(b) and 28 U.S.C. § 1391(c), venue properly lies in this Court because a substantial part of the events or omissions giving rise to the claim occurred

in this District, and Defendants are subject to the Court's personal jurisdiction in this District with respect to this action.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

A.     Plaintiffs' Business

16.     Apollo was founded in 1973 in response to a gradual shift in higher education demographics from a student population dominated by youth to one in which only approximately half the students are adults, and nearly 80 percent are non-traditional, including a substantial portion of whom work either part-time or full-time.  Today, Apollo, through its subsidiaries UOPX and other institutions, is a leading provider of higher education programs for working adults and focuses on servicing the needs of the working adult.

17.     Apollo pioneers higher education for the working learner through its investment in technology based learning, advanced learning methodologies and an international reach, offering quality academic programs, qualified faculty, and a comprehensive student experience that enables Apollo's schools to be respected institutions of higher education.  As a result of its extensive and progressive learning methodologies, many of Apollo's schools and institutions throughout the world are accredited by prestigious local accrediting bodies within their respective geographic or programmatic areas of instruction.

18.     In 1976, Apollo founded its flagship school, UOPX, to cater to working adults seeking higher education.  Driven by innovation in education, UOPX has pioneered many of the conveniences that students now enjoy—evening classes, flexible scheduling, continuous enrollment, a student-centered environment, online classes, a digital library and computer simulations.

19.     UOPX also offers adult learners institutionally accredited programs that fit a working lifestyle and diverse career interests in criminal justice, education, nursing and health care, psychology, and information technology, to name just a few.

20.     To achieve UOPX's innovative educational goals, UOPX has created original educational materials, its UOPX Copyrighted Educational Materials, which are designed to aid students in successfully reaching their academic and professional goals, and to equip UOPX's students with the skills necessary to make a difference in their workplace and community.

21.     UOPX has invested significant time and money in designing and developing the UOPX Copyrighted Educational Materials, and the UOPX Copyrighted Educational Materials are a key component to UOPX's unique mission and success as a leader in the higher education marketplace.  In other words, the UOPX Copyrighted Educational Materials are a prized asset of UOPX and provide UOPX with a distinct competitive advantage over other educational institutions.

22.     UOPX is the original author of the UOPX Copyrighted Educational Materials and Apollo is the owner of the copyrights in the UOPX Copyrighted Educational Materials.  UOPX is the registrant for the UOPX Copyrighted Educational Materials.  As a result, Plaintiffs own the exclusive rights to reproduce, distribute, or create derivative works of the UOPX Copyrighted Educational Materials.  Indeed, Plaintiffs have registered hundreds of their copyrighted works, which form part of the UOPX Copyrighted Educational Materials, with the United States Copyright Office.  Annexed hereto as Exhibit A is a list of certain copyrighted works for which Plaintiffs have obtained registrations with the United States Copyright Office and their corresponding registration numbers.

B.      Defendants' Unlawful Activities

23.     Upon information and belief, Defendants' Website is presented as an online tutorial marketplace for those who need or can offer help on homework.

24.     At Defendants' Website, students who seek help with an academic subject may post questions with an offer of a "bounty" that they are willing to pay for a tutorial on that academic subject.   Defendants' Website sends these offers to all of the tutors who use Studentoffortune.com, and those experts in the subject will write custom tutorials to teach the students how to answer their academic problem.  Upon information and belief, students then pay Defendants for these tutorials.

25.     Upon information and belief, the tutorials posted on Defendants' Website range from detailed answers to specific questions to substantive outlines of particular subject areas related to the student's question.

26.     In addition, upon information and belief, Defendants' Website is also being extensively used to sell infringing copyrighted materials without authorization.  For example, students can search for UOPX course materials to find "tutorials" that include UOPX Copyrighted Educational Materials, and a search at Defendants' Website for "university of phoenix complete course" yields over 125,000 results.

27.     Student of Fortune is selling complete copies of UOPX courses, including UOPX Copyrighted Educational Materials such as syllabi, teacher notes, tests and answers (the "*Infringing Sales*").  Attached hereto as Exhibit B are printouts of certain UOPX Copyrighted Educational Materials that were reproduced, distributed, and offered for sale at Defendants' Website.

28.     As a result of these sales and actions, Defendants are copying, distributing, and publicly displaying UOPX Copyrighted Educational Materials without authorization from UOPX or Plaintiffs.

29.     Upon information and belief, Defendants are also encouraging and promoting copyright infringement on a large scale by encouraging their users and tutors to unlawfully copy, distribute, publicly display and/or create derivatives of UOPX Copyrighted Educational Materials.  For example, upon information and belief, Defendants induce tutors at Defendants' Website to take a proactive approach and to upload tutorials—tutorials and materials that infringe on the copyrights covering the UOPX Copyrighted Educational Materials—at Studentoffortune.com rather than wait for students to ask for help.  This push towards a proactive approach is coupled by Defendants' deliberate bragging about the "earnings" of its top tutors, with earnings ranging between $164,551.24 and $298,619.95.

30.     Upon information and belief, Defendants know or are willfully blind to the fact that the vast majority of tutorials they make available through their services infringe the copyrights of others, including copyrights belonging to Plaintiffs.  For example, at their website, Defendants offer for sale copies of hundreds of UOPX course syllabi, certain of which are attached hereto as Exhibit B, that include copyright notices in addition to other indicia to place the public on notice that the material belongs to UOPX.

31.     Defendants are, on information and belief, also well versed in this process— Defendants have been involved in other actions brought by major publishing companies for the alleged infringement of copyrights through the posting and/or distribution of copyrighted educational materials.  *See In re DMCA Subpoena to Student  of Fortune, Inc.*, 1:12-mc-00079-

UNA, *In re DMCA Subpoena to Student of Fortune, Inc*., 1:12-mc-00144-UNA, and the claims

against Chegg, Inc. discussed at http://investing.businessweek.com/research/stocks

/private/snapshot.asp?privcapId=139511526.

32.     Upon information and belief, Defendants directly profit from infringing activity

on their website.  Students at Defendants' Website pay Defendants for infringing material, and

Defendants then keep 18% of each infringing tutorial upon its initial sale.

33.     Defendants further boast on their website to prospective tutors that: "We keep

your tutorial around forever, so if it's a commonly-asked question, you could be making money

off it for a long time to come!  Some of our users have made over $1,000 off of a single tutorial!

In these cases, we'll take 40% to help cover the cost of advertising your tutorial."  Thus,

Defendants keep not only 18% of each initial infringing sale, but an additional 40% with each

subsequent sale in perpetuity.  Defendants' profits from such sales are directly attributed to

infringement.

34.     Upon information and belief, Defendants have the right and ability to control the

infringing activity at their website.  As inducement for consumers to purchase the tutorials,

Defendants select and provide a portion of the tutorials to consumers as a preview of the

tutorials.

35.     Upon information and belief, Defendants have the right and ability to stop the

infringing activity at their website.  Defendants provide the website upon which tutors rely to

post their infringing tutorials, and have stated their right and ability to terminate accounts of

users suspected of posting infringing material.  However, in Defendants' sole financial interests,

Defendants instead choose to perpetuate the infringement at their website.

36.     In addition, upon information and belief, Defendants have and continue to cause irreparable harm to Plaintiffs' reputation and goodwill by causing academic dishonesty among Plaintiffs' students.   Specifically, Defendants sell UOPX students UOPX coursework that has been completed by others, including the answers to tests and solutions to problems that have been specifically designed by Plaintiffs to foster learning.   By causing academic dishonesty among Plaintiffs' students, Defendants have undermined Plaintiffs' business and academic reputations.

### COUNT I -  Copyright Infringement of Plaintiffs' Exclusive Reproduction Rights

37.     Plaintiffs repeat and reallege paragraphs 1 through 36 and incorporate them as if fully set forth herein.

38.     UOPX Copyrighted Educational Materials are original works of authorship, embodying copyrightable subject matter, subject to the full protection of the United States copyright laws.   UOPX is the sole and exclusive owner of all rights, title and interest in and to the copyrights in the UOPX Copyrighted Educational Materials, including, but not limited to, the UOPX Copyrighted Educational Materials alleged to have been infringed herein and all of the copyrightable expression embodied therein.

39.     Upon information and belief, Defendants had access to UOPX Copyrighted Educational Materials when users of Defendants' Website posted UOPX Copyrighted Educational Materials on Defendants' Website.

40.     Defendants are directly liable for copyright infringement because, without authorization, Defendants are making and causing to be made unauthorized reproductions of Plaintiffs' copyrighted UOPX Educational Materials in violation of 17 U.S.C. §§ 106(1) and

501, including but not limited to the copyrighted UOPX Copyrighted Educational Materials listed in Exhibits A and B hereto.

41.    The infringement of Plaintiffs' reproduction rights in their UOPX Copyrighted Educational Materials constitutes a separate and distinct act of infringement each time Defendants reproduce one of Plaintiffs' works.  Each time a user posts a copy of a work belonging to Plaintiffs, Defendants make a fixed digital copy of that work and transfer it onto their computer servers where Defendants make another fixed digital copy in violation of Plaintiffs' exclusive rights under 17 U.S.C. § 106(1).

42.    The unauthorized acts and conduct of Defendants constitute violations of the United States Copyright Act, and Defendants are acting as a direct infringer pursuant to 17 U.S.C. § 101 *et seq*.

43.    Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Plaintiffs' rights.

44.    Defendants' conduct has caused, is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot be fully compensated or measured in money damages.  Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant Plaintiffs:  (1) A preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from directly infringing, and/or aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the infringement of, any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created; (2) An award of

maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c); (3) As Plaintiffs may elect, an award of actual damages that Plaintiffs have sustained or will sustain and any income, gains, profits, and advantages obtained by Defendants as a result of its wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (4) An award of profits lost as a result of Defendants' wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (5) An award of attorneys' fees, expenses, and costs incurred in connection with this action, pursuant to 17 U.S.C. § 505, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (6) An award of pre- and post-judgment interest; and (7) All other relief to which Plaintiffs are entitled.

### COUNT II - Copyright Infringement Of Plaintiffs' Exclusive Distribution Rights

45.     Plaintiffs repeat and reallege paragraphs 1 through 44 and incorporate them as if fully set forth herein.

46.     Without authorization, Defendants are distributing and have distributed to the public copies of Plaintiffs' copyrighted works in violation of 17 U.S.C. §§ 106(3) and 501, including but not limited to the works listed in Exhibits A and B hereto.

47.     The infringement of Plaintiffs' rights to distribute their UOPX Copyrighted Educational Materials constitutes a separate and distinct act of infringement each time Defendants distribute one of Plaintiffs' works.  Each time Defendants transfer an unauthorized copy of one of Plaintiffs' copyrighted works from Defendants' servers to another computer,

Defendants distribute that copy in violation of Plaintiffs' exclusive rights under 17 U.S.C. §§ 106(3).

48.     The unauthorized acts and conduct of Defendants constitute violations of the United States Copyright Act, and Defendants are acting as a direct infringer pursuant to 17 U.S.C. § 101 *et seq*.

49.     Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Plaintiffs' rights.

50.     Defendants' conduct has caused, is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money damages.  Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant Plaintiffs:  (1) A preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from directly infringing, and/or aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the infringement of, any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created; (2) An award of maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c); (3) As Plaintiffs may elect, an award of actual damages that Plaintiffs have sustained or will sustain and any income, gains, profits, and advantages obtained by Defendants as a result of its wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (4) An award of profits

lost as a result of Defendants' wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in

an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial;

(5) An award of attorneys' fees, expenses, and costs incurred in connection with this action,

pursuant to 17 U.S.C. § 505, in an amount which cannot yet be fully ascertained, but which shall

be assessed at the time of trial; (6) An award of pre- and post-judgment interest; and (7) All other

relief to which Plaintiffs are entitled.

### COUNT III – Copyright Infringement Of Plaintiffs' Exclusive Public Display Rights

51.      Plaintiffs repeat and reallege paragraphs 1 through 50 and incorporate them as if

fully set forth herein.

52.      Without authorization, Defendants are publicly displaying and have publicly

displayed, by means of digital transmission, Plaintiffs' copyrighted works in violation of 17

U.S.C. §§ 106(5) and 501, including but not limited to the works listed in Exhibits A and B

hereto.

53.      The infringement of Plaintiffs' rights in the public display of their UOPX

Copyrighted Educational Materials constitutes a separate and distinct act of infringement each

time one of Plaintiffs' works is displayed.  Each time Defendants display an unauthorized copy

of one of Plaintiffs' copyrighted works on Defendants' Website, Defendants publicly display

Plaintiffs' works in violation of the Plaintiffs' exclusive right under 17 U.S.C. § 106(5).

54.      The unauthorized acts and conduct of Defendants constitute violations of the

United States Copyright Act, and Defendants are acting as a direct infringer pursuant to 17

U.S.C. § 101 *et seq*.

55.      Defendants' acts of infringement are willful, intentional and purposeful, in

disregard of and indifference to Plaintiffs' rights.

56.     Defendants' conduct has caused, is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money damages.  Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant Plaintiffs:  (1) A preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from directly infringing, and/or aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the infringement of, any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created; (2) An award of maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c); (3) As Plaintiffs may elect, an award of actual damages that Plaintiffs have sustained or will sustain and any income, gains, profits, and advantages obtained by Defendants as a result of its wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (4) An award of profits lost as a result of Defendants' wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (5) An award of attorneys' fees, expenses, and costs incurred in connection with this action, pursuant to 17 U.S.C. § 505, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (6) An award of pre- and post-judgment interest; and (7) All other relief to which Plaintiffs are entitled.

## COUNT IV - Contributory Copyright Infringement

57.     Plaintiffs repeat and reallege paragraphs 1 through 56 and incorporate them as if fully set forth herein.

58.     Copyrighted works owned by Plaintiffs, and unauthorized derivatives thereof, have been and continue to be illegally reproduced, distributed, and publicly displayed without authorization on Defendants' Website in violation of 17 U.S.C. § 501 *et seq*.  Plaintiffs own the copyrights, or the exclusive reproduction, distribution, public display, and derivation rights to copyrighted works, including but not limited to those contained in Exhibits A and B, that have been infringed through Defendants' Website.   Defendants are secondarily liable under the Copyright Act for such infringing acts, including for Defendants' users' direct infringement of Plaintiffs' exclusive copyrights each time they create an unauthorized derivative of Plaintiffs' copyrighted works, each time they upload a copy of Plaintiffs' works to Defendants' servers from their computer, or each time they download a copy of Plaintiffs' works to Defendants' servers from their computer.   Each time Defendants' users upload or download a copy of Plaintiffs' copyrighted work, an unauthorized reproduction and distribution occurs in violation of 17 U.S.C. § 501 *et seq*.

59.     Defendants are liable as contributory copyright infringers.   Defendants have actual and constructive knowledge of the infringing activity that occurs on and through their website.   Through the creation, maintenance, and operation of the site and facility for this infringement, Defendants knowingly cause and/or otherwise materially contribute to the unlawful reproduction, distribution, and public display of Plaintiffs' copyrighted works, including but not limited to those contained in Exhibits A and B, that have been in violation of Plaintiffs' exclusive rights under the copyright laws of the United States. 17 U.S.C. § 106.

60.     The unauthorized acts and conduct of Defendants constitute violations of the United States Copyright Act and contributory copyright infringement.

61.     Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Plaintiffs' rights.

62.     Defendants' conduct has caused, is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money.  Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant Plaintiffs:  (1) A preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from directly infringing, and/or aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the infringement of, any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created; (2) An award of maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c); (3) As Plaintiffs may elect, an award of actual damages that Plaintiffs have sustained or will sustain and any income, gains, profits, and advantages obtained by Defendants as a result of its wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (4) An award of profits lost as a result of Defendants' wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (5) An award of attorneys' fees, expenses, and costs incurred in connection with this action,

pursuant to 17 U.S.C. § 505, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (6) An award of pre- and post-judgment interest; and (7) All other relief to which Plaintiffs are entitled.

### COUNT V - Vicarious Copyright Infringement

63.     Plaintiffs repeat and reallege paragraphs 1 through 62 and incorporate them as if fully set forth herein.

64.     Copyrighted works owned by Plaintiffs have been and continue to be illegally reproduced, distributed, and publicly displayed without authorization on Defendants' Website in violation of 17 U.S.C. § 501 *et seq.*  Plaintiffs own the copyrights, or the exclusive reproduction, distribution, public display, and derivation rights to copyrighted works, including but not limited to those contained in Exhibits A and B, that have been infringed through Defendants' Website. Defendants are secondarily liable under the Copyright Act for such infringing acts, including for Defendants' users' direct infringement of Plaintiffs' exclusive copyrights each time they create an unauthorized derivative of Plaintiffs' copyrighted works, each time they upload a copy of Plaintiffs' works to Defendants' servers from their computer, or each time they download a copy of Plaintiffs' works to Defendants' servers from their computer.  Each time Defendants' users upload or download a copy of Plaintiffs' copyrighted work, an unauthorized reproduction and distribution occurs, in violation of 17 U.S.C. § 501 *et seq*.

65.     Defendants are vicariously liable for such infringing acts.  Defendants have the right and ability to supervise and control the infringing activities that occur through the use of their website, and at all relevant times have derived a direct financial benefit attributable to the infringement through their website.  Defendants are therefore vicariously liable for the unlawful reproduction, distribution, and public display of Plaintiffs' copyrighted works, including but not

limited to those contained in Exhibits A and B, that have been in violation of Plaintiffs' exclusive rights under the copyright laws of the United States.  17 U.S.C. § 106.

66.    The unauthorized acts and conduct of Defendants constitute violations of the United States Copyright Act and vicarious copyright infringement.

67.    Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Plaintiffs' rights.

68.    Defendants' conduct has caused, is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money.  Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant Plaintiffs:   (1) A preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from directly infringing, and/or aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the infringement of, any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created; (2) An award of maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. § 504(c); (3) As Plaintiffs may elect, an award of actual damages that Plaintiffs have sustained or will sustain and any income, gains, profits, and advantages obtained by Defendants as a result of its wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (4) An award of profits lost as a result of Defendants' wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in

an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (5) An award of attorneys' fees, expenses, and costs incurred in connection with this action, pursuant to 17 U.S.C. § 505, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (6) An award of pre- and post-judgment interest; and (7) All other relief to which Plaintiffs are entitled.

## COUNT VI - Inducement of Copyright Infringement

69.     Plaintiffs repeat and reallege paragraphs 1 through 68 and incorporate them as if fully set forth herein.

70.     Copyrighted works owned by Plaintiffs have been and continue to be illegally reproduced, distributed, and publicly displayed without authorization on Defendants' Websites in violation of 17 U.S.C. § 501 *et seq*.  Plaintiffs own the copyrights, or the exclusive reproduction, distribution, and public display rights in copyrighted works, including but not limited to those contained in Exhibits A and B, and many others.  Defendants are secondarily liable under the Copyright Act for such infringing acts, including for Defendants' users' direct infringement of Plaintiffs' exclusive copyrights each time they create an unauthorized derivative of Plaintiffs' copyrighted works, each time they upload a copy of Plaintiffs' works to Defendants' servers from their computer, or each time they download a copy of Plaintiffs' works to Defendants' servers from their computer.  Each time Defendants' users upload or download a copy of Plaintiffs' copyrighted work, an unauthorized reproduction and distribution occurs, in violation of 17 U.S.C. § 501 *et seq*.

71.     Defendants operate and maintain their site with the object of promoting its use to infringe Plaintiffs' copyrighted works.  Defendants' inducement of copyright infringement is apparent from, among other things, the predominantly infringing content available on

Defendants' sites; Defendants' express invitations to reproduce, distribute, publicly display and create unlawful derivative works of copyrighted content; Defendants' failure to make any earnest effort to prevent or filter copyright infringement on their sites; and Defendants' business model, which is overwhelmingly dependent upon widespread copyright infringement.  Defendants unlawfully induce the direct infringement of Plaintiffs' copyrighted works, including but not limited to those contained in Exhibits A and B, that have been in violation of Plaintiffs' exclusive rights under the copyright laws of the United States.  17 U.S.C. § 106.

72.     The unauthorized acts and conduct of Defendants constitute violations of the United States Copyright Act and inducement of copyright infringement.

73.     Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and indifference to Plaintiffs' rights.

74.     Defendants' conduct has caused, is causing and, unless enjoined by this Court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated for or measured in money.  Plaintiffs have no adequate remedy at law.

**WHEREFORE**, Plaintiffs respectfully pray that the Court grant Plaintiffs:  (1) A preliminary and permanent injunction, pursuant to 17 U.S.C. § 502, enjoining Defendants and Defendants' agents, servants, employees, officers, attorneys, successors, licensees, partners, and assigns, and all persons acting in concert or participation with each of any of them, from directly infringing, and/or aiding, encouraging, enabling, inducing, causing, materially contributing to, or otherwise facilitating the infringement of, any of Plaintiffs' copyrights or exclusive rights protected by the Copyright Act, whether now in existence or hereafter created; (2) An award of maximum statutory damages, pursuant to 17 U.S.C. § 504(c), in the amount of $150,000 with respect to each work infringed, or such other amounts as may be proper under 17 U.S.C. §

504(c); (3) As Plaintiffs may elect, an award of actual damages that Plaintiffs have sustained or will sustain and any income, gains, profits, and advantages obtained by Defendants as a result of its wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (4) An award of profits lost as a result of Defendants' wrongful acts alleged hereinabove pursuant to 17 U.S.C. § 504, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (5) An award of attorneys' fees, expenses, and costs incurred in connection with this action, pursuant to 17 U.S.C. § 505, in an amount which cannot yet be fully ascertained, but which shall be assessed at the time of trial; (6) An award of pre- and post-judgment interest; and (7) All other relief to which Plaintiffs are entitled.

## JURY DEMAND

Plaintiffs hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Dated:  February 27, 2013

**DUANE MORRIS LLP**

By: _Vanessa Hew_

Gregory P. Gulia
Vanessa Hew
R. Terry Parker
Larry Selander (prospective *pro hac vice*)
Elinor L. Hart (prospective *pro hac vice*)
1540 Broadway
New York, New York 10036-4086
Tel. No.: (212) 692-1000
Fax No.: (212) 692-1020

*Attorneys for Plaintiffs*

22

# Exhibit A