James D. Weinberger
jweinberger@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY  10017
Telephone:  (212) 813-5900
Facsimile:  (212) 813-5901

Michael H. Page (*admitted pro hac vice*)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California  94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

Attorneys for Defendants Chegg, Inc., Student of
  Fortune, Inc. and Daniel Rosensweig

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APOLLO GROUP, INC. and UNIVERSITY OF PHOENIX, INC., <br><br>          Plaintiffs, <br><br> v. <br><br> CHEGG, INC., STUDENT OF FORTUNE, INC., DANIEL ROSENSWEIG, and SEAN MCCLEESE, <br><br>          Defendants. | Civil Action No. 13 CV 01336 (AJN) <br><br> **DEFENDANTS CHEGG, INC., STUDENT OF FORTUNE, INC. AND DANIEL ROSENSWEIG'S ANSWER TO PLAINTIFFS' COMPLAINT** <br><br> **ECF Case** |

Defendants Chegg, Inc. ("Chegg"), Student of Fortune, Inc. ("SOF") and Daniel Rosensweig (collectively "Defendants") hereby reply to the allegations set forth in Plaintiffs Apollo Group, Inc. and University of Phoenix, Inc.'s (collectively "Plaintiffs") Complaint and Jury Demand ("Complaint") as follows:

{F1214948.1 }

# SUBSTANCE OF THE ACTION[1]

This introduction contains no allegations incorporated in any cause of action or to which a response is required. To the extent it contains operative allegations, Defendants deny them.

# PARTIES

1. Defendants lack sufficient information to admit or deny the allegations of this paragraph, and on that basis deny them.

2. Defendants lack sufficient information to admit or deny the allegations of this paragraph, and on that basis deny them.

3. Admitted.

4. Admitted.

5. Defendants admit that SOF was acquired by Chegg in 2011. Defendants deny the remaining allegations of this paragraph.

6. Defendants admit that Daniel Rosensweig is the Chief Executive Officer of Chegg, at the stated address. Defendants deny the remaining allegations of this paragraph.

7. On information and belief, Defendants admit that Sean McCleese has an office at the stated address. Defendants admit that Sean McCleese was a founder of SOF, and was its President. Defendants deny the remaining allegations of this paragraph.

# JURISDICTION AND VENUE

8. Admitted.

9. Denied.

10. Denied.

---

[1] Headings are reproduced verbatim from the Complaint for convenience only; to the extent they include implicit or explicit allegations against Defendants, they are denied.

11. Defendants admit that SOF and Chegg operate websites accessible from anywhere, including New York. Defendants deny the remaining allegations of this paragraph.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

### FACTS COMMON TO ALL CLAIMS FOR RELIEF

A. Plaintiffs' Business

16. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

17. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

18. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

19. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

20. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

21. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

22. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

B.   Defendants' Unlawful Activities

23.   Admitted.

24.   Defendants admit that this paragraph accurately describes one function of the SOF website.

25.   Admitted.

26.   Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

27.   Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

28.   Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

29.   Defendants admit that tutors sometimes upload tutorials prior to receiving requests for them, and that top tutors have publicized earnings in the ranges cited. Defendants deny the remaining allegations of this paragraph.

30.   Denied.

31.   Defendants are unable to admit or deny this paragraph as phrased. Assuming that "this process" refers to the process of (1) users posting allegedly infringing content on websites and (2) website operators removing allegedly infringing content in response to Digital Millennium Copyright Act notices, Defendants admit they are "well versed in this process." Defendants further admit that they were involved in the cited cases.

32.   Defendants admit that SOF charges an 18% commission on sales of tutorials. Defendants deny the remaining allegations of this paragraph.

33. Defendants admit that the quoted material appears on the SOF website, and that the 40% figure for subsequent sale is correct. Defendants deny the remaining allegations of this paragraph.

34. Defendants admit that portions of tutorials are made available as previews. Defendants deny the remaining allegations of this paragraph.

35. Denied.

36. Denied.

### COUNT I – Copyright Infringement of Plaintiffs' Exclusive Reproduction Rights

37. Defendants incorporate by reference the foregoing responses.

38. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph, and on that basis deny them.

39. Defendants lack sufficient knowledge to admit or deny the allegations of this paragraph and on that basis deny them.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

44. Denied.

### COUNT II – Copyright Infringement of Plaintiffs' Exclusive Distribution Rights

45. Defendants incorporate by reference the foregoing responses.

46. Denied.

47. Denied.

48. Denied.

49. Denied.

50. Denied.

**COUNT III – Copyright Infringement of Plaintiffs' Exclusive Public Display Rights**

51. Defendants incorporate by reference the foregoing responses.

52. Denied.

53. Denied.

54. Denied.

55. Denied.

56. Denied.

**COUNT IV – Contributory Copyright Infringement**

57. Defendants incorporate by reference the foregoing responses.

58. Defendants lack sufficient knowledge to admit or deny the allegations of the first two and last sentences of this paragraph and on that basis deny them.  Defendants deny the remaining allegations of this paragraph.

59. Denied.

60. Denied.

61. Denied.

62. Denied.

**COUNT V – Vicarious Copyright Infringement**

63. Defendants incorporate by reference the foregoing responses.

64. Defendants lack sufficient knowledge to admit or deny the allegations of the first two and last sentences of this paragraph and on that basis deny them.  Defendants deny the remaining allegations of this paragraph.

65. Denied.

66. Denied.

67. Denied.

68. Denied.

### COUNT VI – Inducement of Copyright Infringement

69. Defendants incorporate by reference the foregoing responses. Defendants deny that "Inducement of Copyright Infringement" states a cause of action separate and apart from Contributory Copyright Infringement (Count IV), but repeat herein their answer to that Count.

70. Defendants lack sufficient knowledge to admit or deny the allegations of the first two and last sentences of this paragraph and on that basis deny them. Defendants deny the remaining allegations of this paragraph.

71. Denied.

72. Denied.

73. Denied.

74. Denied.

### AFFIRMATIVE DEFENSES

As separate and affirmative defenses to Plaintiff's' Complaint and to each cause of action, claim, and allegation contained therein, Defendants state as follows:

### First Affirmative Defense: Digital Millennium Copyright Act

Plaintiffs' claims are barred, in whole or in part, by the Digital Millennium Copyright Act, 17 U.S.C. § 512 *et seq.*

### Second Affirmative Defense: Fair Use

Fair use , 17 U.S.C. § 107, provides Defendants a complete defense to any claim by Plaintiffs for copyright infringement.

**Third Affirmative Defense:  Untimely Registration
Bars Recovery of Statutory Damages/Attorneys' Fees**

Pursuant to 17 U.S.C. § 412, Plaintiffs are not entitled to statutory damages or attorneys' fees in connection with their copyright infringement claim to the extent any alleged infringement occurred after the effective date of the applicable copyright registration and such registration was not filed with the U.S. Copyright Office within three months after Plaintiffs' first publications of the work covered thereby.

**Fourth Affirmative Defense:  Statutes of Limitations**

Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations.

**Fifth Affirmative Defense:  Improper Forum**

Plaintiffs' claims are brought in an inconvenient forum, and are subject to transfer pursuant to 28 U.S.C. § 1404(a).

**Sixth Affirmative Defense:  Laches**

Plaintiffs' claims are barred, in whole or in part, by the doctrine of laches.

**Seventh Affirmative Defense:  Waiver**

Each cause of action in the Complaint has been waived in whole or in part, and, to the extent waived, it is barred.

**Eighth Affirmative Defense:  Estoppel**

Plaintiffs are estopped by their conduct and by operation of law from asserting the allegations contained in each cause of action in the Complaint and from maintaining this action.

**Ninth Affirmative Defense:  Acquiescence**

Each cause of action in the Complaint is barred by the doctrine of acquiescence.

**Tenth Affirmative Defense:  Lack of Copyright Registration**

Plaintiffs' claims are barred, in whole or in part, to the extent Plaintiffs did not, at the time of suit, have valid copyright registrations covering the works alleged to be infringed.

### Eleventh Affirmative Defense:  Failure to Mitigate

Plaintiffs have failed, and continue to fail, to act reasonably to mitigate the damages they allege in this action.

### Twelfth Affirmative Defense:  Adequacy of Remedy at Law

The injury or damages suffered by Plaintiffs, if any, would be adequately compensated in an action at law for damages.  Accordingly, Plaintiffs have a complete and adequate remedy at law and are not entitled to seek equitable relief.

### PRAYER FOR RELIEF

WHEREFORE, Defendants pray for the following:

    A.    That Plaintiffs take nothing by their Complaint;

    B.    That judgment be entered in Defendants' favor on all causes;

    C.    For costs of suit, including reasonable attorneys' fees; and

    D.    Such other and further relief as this Court may deem just and proper.

### JURY DEMAND

Defendants hereby demand a trial by jury pursuant to Fed. R. Civ. P. 38.

Respectfully submitted,

Dated: April 25, 2013   FROSS ZELNICK LEHRMAN & ZISSU, P.C.
      New York, NY

By: /s/ James D. Weinberger
    James D. Weinberger

jweinberger@fzlz.com
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-5900
Facsimile: (212) 813-5901

Michael H. Page (*admitted pro hac vice*)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California 94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

Attorneys for Defendants Chegg, Inc., Student of Fortune, Inc. and Daniel Rosensweig

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on April 25, 2013 with a copy of this document via the Court's CM/ECF system.

Gregory Paul Gulia
Robert Terry Parker
Vanessa C. Hew
Duane Morris, LLP (NYC)
1540 Broadway
New York, NY 10036-4086
Tel: (212) 692-1000
Fax: (212) 692-1020
Email: gpgulia@duanemorris.com
        tparker@duanemorris.com
        vchew@duanemorris.com

Larry Selander
Duane Morris, LLP (IL)
190 South LaSalle Street, Suite3700
Chicago, IL 60603
Tel: (312) 499-0147
Fax: (212) 692-1020
Email: lselander@duanemorris.com

Attorneys for Plaintiffs
Apollo Group, Inc. and University of Phoenix, Inc.

_____
James D. Weinberger