James D. Weinberger
jweinberger@fzlz.com
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY  10017
Telephone:  (212) 813-5900
Facsimile:  (212) 813-5901

Michael H. Page (*admitted pro hac vice*)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California  94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

Attorneys for Defendants Chegg, Inc., Student of
  Fortune, Inc. and Daniel Rosensweig

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| APOLLO GROUP, INC. and UNIVERSITY OF PHOENIX, INC.,<br><br>        Plaintiffs,<br><br>v.<br><br>CHEGG, INC., STUDENT OF FORTUNE, INC., DANIEL ROSENSWEIG, and SEAN MCCLEESE,<br><br>        Defendants. | Civil Action No. 13 CV 01336 (AJN)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANTS CHEGG, INC., STUDENT OF FORTUNE, INC. AND DANIEL ROSENSWEIG'S MOTION TO TRANSFER VENUE**<br><br>**ECF Case** |

{F1214945.1 }

# TABLE OF CONTENTS

                                                                                                              **Page**

I.     INTRODUCTION .................................................................................................... 1

II.    ARGUMENT ........................................................................................................... 2

        A.     Applicable Standards .................................................................................... 2

        B.     Application of Factors ................................................................................... 3

                1.     Locus of Operative Facts .................................................................. 3

                2.     Plaintiff's Choice of Forum ............................................................... 5

                3.     Convenience of the Witnesses ........................................................... 6

                4.     Location of Documents and Access to Proof ..................................... 7

                5.     Convenience of the Parties ................................................................ 7

                6.     Availability of Process ...................................................................... 7

                7.     Remaining Factors ............................................................................. 8

III.   CONCLUSION ......................................................................................................... 8

## **TABLE OF AUTHORITIES**

**Page(s)**

**Cases**

*AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*,
   326 F. Supp. 2d 525 (S.D.N.Y. 2004) .............................................................................. 3

*Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*,
   474 F. Supp. 2d 474 (S.D.N.Y. 2007) .............................................................................. 3

*CYI, Inc. v. Ja-Ru, Inc.*,
   No. 12 Civ. 2230 (AJN), 2012 WL 6646188 (S.D.N.Y. Dec. 21, 2012) ................................... 4

*Easyweb Innovations, LLC v. Facebook, Inc.*,
   888 F. Supp. 2d 342 (E.D.N.Y. 2012) ......................................................................... 5, 6

*Herbert Ltd. P'ship v. Elec. Arts, Inc.*,
   325 F. Supp. 2d 282 (S.D.N.Y. 2004) ......................................................................... 3, 6

*Hilti Aktiengesellschaft v. Milwaukee Elec. Tool Corp.*,
   No. 04CV629, 2004 WL 1812821 (E.D.N.Y. July 19, 2004) ....................................... 5

*MASTR Asset Backed Sec. Trust 2007–WMC1 v. WMC Mortg. LLC*,
   888 F. Supp. 2d 418 (S.D.N.Y. 2012) .............................................................................. 6

*Mola, Inc. v. Kacey Enters.*, LLC,
   No. 10-cv-1045S, 2011 WL 3667505 (W.D.N.Y. Aug. 21, 2011) ............................ 4, 5

*New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,
   599 F.3d 102 (2d Cir. 2010) ............................................................................................ 3

*Pierce v. Coughlin*,
   806 F. Supp. 426 (S.D.N.Y. 1992) .................................................................................. 6

*Pilevesky v. Suntrust Bank*,
   No. 10-CV-2290 (JS), 2010 WL 4879006 (E.D.N.Y Nov. 22, 2010) ........................... 6

*Tomjai Enters., Corp. v. Laboratorie Pharmaplus U.S.A., Inc.*,
   No. 12 Civ. 3729 (RWS), 2012 WL 3104891 (S.D.N.Y. July 31, 2012) .................... 3, 6

**Statutes**

28 U.S.C. § 1404(a) ............................................................................................................ 2, 8

I.  **INTRODUCTION**

This case has no business in this Court.  It is a dispute between two pairs of corporations, each of which is headquartered in the Ninth Circuit, concerning alleged infringements committed in the Northern District of California.  The *only* reason to bring this case here (other than the bare observation that, as online entities, all parties' websites are as accessible from this District as from anywhere else in the world) is naked forum shopping.  Plaintiffs Apollo Group, Inc. ("Apollo") and University of Phoenix, Inc. ("University of Phoenix"), both headquartered in the Ninth District, want to sue Chegg, Inc. ("Chegg"), Student of Fortune, Inc. ("SOF"), and two individuals—each of whom also is headquartered or resides in the Ninth Circuit—in this District solely because they apparently like Second Circuit law better.  But as the caselaw establishes, such forum shopping (under the rubric of deference to the plaintiff's choice of forum) is improper:  where—as here—none of the parties has a connection with the District, none of the alleged torts occurred here, none of the witnesses is found here, and none of the evidence is found here, that choice of forum is accorded "minimal," "substantially reduced," or "no weight whatsoever."

The Plaintiffs in this action are the University of Phoenix and its parent corporation, Apollo.  As might be expected from the name, they are headquartered in Phoenix and Tempe, Arizona, in the Ninth Circuit.  Compl. ¶¶ 1, 2.  There are four Defendants.  One is a company named SOF, and another is a company named Chegg, which acquired SOF in August 2011.  Both companies are located in Santa Clara, California.  Decl. of Robert Chesnut Supp. Defs.' Mot. Transfer Venue submitted herewith ("Chesnut Decl.") ¶¶ 2-4.  Neither Defendant has any offices, employees, assets, facilities, documents, servers, or anything else in this District.  *Id.* ¶ 5.  The Complaint also names two individuals:  Sean McCleese, one of the two founders of SOF,

who lives in Pasadena, California,[1] and Chegg's Chief Executive Officer Daniel Rosensweig, who lives in Woodside, California.  *Id.* ¶ 10.

There are likely to be few third party witnesses in this action:  to the extent there are, all of whom Defendants are aware are found in California.  All of SOF's or Chegg's employees who have any involvement in operating the SOF website are found there.  *Id.* ¶ 6.  The primary programmer on whom Chegg must rely to search and analyze all of the SOF data (Thomas Lang) is an independent contractor in the Bay Area.  *Id.* ¶ 8.  All of Chegg's and SOF's business and technical records are located in Santa Clara.  *Id.* ¶ 6.  The SOF personnel who process takedown notices and search the website for potentially infringing items, and the records of those activities, are in California.  *Id.* ¶ 8.

As for Plaintiffs, presumably their own enrollment, business, and legal records are to be found in their own headquarters in Arizona.  Plaintiffs' Complaint identifies no witnesses or individuals at all (other than Defendants), and identifies no specific ties to this District at all.  This case belongs in California.

## II.     ARGUMENT

### A.     Applicable Standards

The standards for assessing motions to transfer under 28 U.S.C. section 1404(a) are well established.  A motion to transfer involves two inquiries: (1) whether the action could have been brought in the proposed transferee district, in this case the Northern District of California, and (2) whether transfer is warranted for the convenience of the parties and witnesses, in the interest of justice.  *See* 28 U.S.C. § 1404(a); *New York Marine & Gen. Ins. Co. v. Lafarge N. Am., Inc.*,

---

[1] Mr. McCleese is filing his own responsive pleading contemporaneously herewith, moving to dismiss for lack of personal jurisdiction.  SOF's other founder is no longer with the company.  Defendants are informed and believe that he resides in Las Vegas, Nevada.

{F1214945.1 }                              2

599 F.3d 102, 112 (2d Cir. 2010); *Herbert Ltd. P'ship v. Elec. Arts, Inc.*, 325 F. Supp. 2d 282, 285 (S.D.N.Y. 2004).

There is no dispute on the first prong: all four Defendants are residents of the transferee district and amenable to suit there. In such circumstances, the Court assesses the second prong based on a series of factors including (1) the plaintiff's choice of forum, (2) the convenience of witnesses, (3) the location of relevant documents and relative ease of access to sources of proof, (4) the convenience of parties, (5) the locus of operative facts, (6) the availability of process to compel the attendance of unwilling witnesses, (7) the relative means of the parties, (8) the comparative familiarity of each district with the governing law, and (9) judicial economic and the interests of justice. *New York Marine*, 599 F.3d at 112; *Tomjai Enters., Corp. v. Laboratorie Pharmaplus U.S.A., Inc.*, No. 12 Civ. 3729 (RWS), 2012 WL 3104891, at *5-7 (S.D.N.Y. July 31, 2012). In this case, all these factors either strongly favor transfer or are neutral.

### B. Application of Factors

#### 1. Locus of Operative Facts

"The locus of operative facts is a primary factor in determining whether to transfer venue." *Tomjai Enters.*, 2012 WL 3104891, at *6 (citation omitted); *Am. S.S. Owners Mut. Prot. & Indem. Ass'n v. Lafarge N. Am., Inc.*, 474 F. Supp. 2d 474, 485 (S.D.N.Y. 2007) (looking to the location of the "center of gravity" in the case in assessing this factor). In copyright cases, the locus of operative facts (particularly in an internet context, where sales can be and usually are uniformly scattered throughout the country) is where the design, development, and operation of the allegedly infringing enterprise occurred. *See, e.g.*, *AEC One Stop Group, Inc. v. CD Listening Bar, Inc.*, 326 F. Supp. 2d 525, 530 (S.D.N.Y. 2004) (explaining, in copyright case, that "[t]he operative facts in infringement cases usually relate to the design, development and

production of an infringing product."); *see also Mola, Inc. v. Kacey Enters.*, LLC, No. 10-cv-1045S, 2011 WL 3667505, at *9 (W.D.N.Y. Aug. 21, 2011) (locus of operative facts in trade dress case was that of the design, development, and production of the allegedly infringing product).

This factor overwhelmingly favors transfer. The allegations of the Complaint are that SOF—a website designed and operated in the Northern District of California, and then acquired by another company also located in that District—infringed the copyrights of a Phoenix-based university by allowing users to post allegedly infringing material on that website and/or failing to proactively monitor and remove that content form the website. Compl. ¶¶ 23-36. All of that alleged action or inaction took place at SOF's and Chegg's facilities in the Northern District; there is absolutely no allegation of any act by any Defendant that occurred in this District. *Id.*

In addition, SOF's efforts to block or remove apparently infringing content from its website will be at issue in this case. SOF personnel have located and removed thousands of copies of material that appears to be improperly posted to the website. Those personnel work in California, and the records of their takedowns are all located there. Chesnut Decl. ¶¶ 6, 11. SOF also maintains a Digital Millennium Copyright Act ("DMCA") compliance program. SOF's DMCA agent, Mr. Chesnut, is located in Santa Clara, as are the records of that DMCA compliance program. *Id.* ¶ 11.

Plaintiffs may argue that the mere downloading of allegedly infringing material by SOF's non-party customers in this District alters the analysis. This Court and others have rejected that argument, where sales occur in multiple districts. *CYI, Inc. v. Ja-Ru, Inc.*, No. 12 Civ. 2230 (AJN), 2012 WL 6646188, at *4 (S.D.N.Y. Dec. 21, 2012) (Nathan, J.) ("if there are roughly equivalent sales of an allegedly infringing product in multiple districts, each such district has a

roughly equivalent claim to being the locus of operative facts. . . . [Otherwise] the Court's assessment of the locus of operative facts would largely be subsumed by the Plaintiff's choice of forum."*)*; *see also Mola, Inc., LLC*, 2011 WL 3667505, at *9 (holding that where a party's products are sold in many states, "sales alone are insufficient to establish a material connection to the forum and to override other factors favoring transfer") (citation omitted)); *Hilti Aktiengesellschaft v. Milwaukee Elec. Tool Corp.*, No. 04CV629, 2004 WL 1812821, at *6 (E.D.N.Y. July 19, 2004) ("Where the plaintiff has selected venue that bears at best a *de minimis* relation to the subject of the suit, it should not be heard to complain that another district with a similarly minimal connection on the same grounds is inappropriate."). The locus of this case lies in the Bay Area.

### 2. Plaintiff's Choice of Forum

Although a Plaintiff's choice of forum is usually given deference, that is not the case here. Where the chosen forum is *neither* the Plaintiff's home forum *nor* the place where the operative acts occurred, that choice is afforded little or no weight.

As the court in *Easyweb Innovations, LLC v. Facebook, Inc.*, 888 F. Supp. 2d 342 (E.D.N.Y. 2012) explained:

> [C]ourts have noted that the weight given to this factor is diminished where (1) the operative facts have "little or no connection" with the forum chosen by the plaintiff, *Stein v. Microelectronic Packaging, Inc.*, No. 98 Civ. 8952(MBM), 1999 WL 540443, at *8 (S.D.N.Y. 1999), *see also Wagner v. N.Y. Marriott Marquis*, 502 F.Supp.2d 312, 317 (N.D.N.Y. 2007) ("The presumption favoring plaintiff's choice of forum, however, is not so rigidly applied where, as here, the cause of action arose outside of that forum . . . " (citation omitted)); *Royal Ins. Co. of Am.*, 998 F. Supp. at 353 ("The weight accorded to a plaintiff's choice of venue is significantly diminished, however where the operative facts have no connection to the chosen district."); *Hernandez v. Graebel Van Lines, Inc.*,761 F. Supp. 983, 990 (E.D.N.Y. 1991) ("[W]here the transactions or facts giving rise to the action have no material relation or significant connection to the plaintiff's chosen forum, then the plaintiff's choice is not accorded the same 'great weight' and in fact is given reduced significance."); or (2) where plaintiff's residence is

> not the chosen forum, *see, e.g., De Jesus v. Nat'l R.R. Passenger Corp.*, 725 F. Supp. 207, 208 (S.D.N.Y. 1989) ("A plaintiff's choice of forum is entitled to substantial weight. But where a plaintiff chooses a forum that is not his residence, that weight is diminished." (internal citations omitted)). Where the selected forum is not connected in a meaningful way to the operative facts and is not the plaintiff's residence, the deference to the chosen forum is significantly diminished. *See, e.g., Eskofot A/S v. E.I. Du Pont De Nemours & Co.*, 872 F. Supp. 81, 96 (S.D.N.Y. 1995) ("The deference accorded to plaintiff's choice of forum . . . is diminished substantially where the forum is neither plaintiff's home district nor the place where the events or transactions underlying the action occurred."); *Thomas Am. Corp. v. Fitzgerald*, No. 94 Civ. 0262(CBM), 1994 WL 440935, at *5 (S.D.N.Y. Aug. 11, 1994) ("[T]he plaintiff's choice of forum is accorded less weight where the plaintiff's chosen forum is neither plaintiff's home nor the place where the operative facts of the action occurred.").

888 F. Supp. 2d at 348-49 (footnote omitted).

In this case, Plaintiffs fail on all three points: no relevant events occurred in this District, none of the Plaintiffs reside here, and it is self evident—where all of the parties on both sides are from the Ninth Circuit—that the only conceivable purpose for Plaintiffs' choice is forum shopping. "'Where it appears that the plaintiff was forum shopping and that the selected forum has little or no connection with the parties or the subject matter, **plaintiff's choice of forum is entitled to no weight whatever, and the transfer of venue is appropriate**.'" *Id.* ( quoting *Pierce v. Coughlin*, 806 F. Supp. 426, 429 (S.D.N.Y. 1992) (emphasis added, alterations in original); *see also Tomjai Enters.*, 2012 WL 3104891, at *5.

### 3.  Convenience of the Witnesses

This factor, which is often considered the most important, clearly tilts to transfer. *Pilevesky v. Suntrust Bank*, No. 10-CV-2290 (JS), 2010 WL 4879006, at *3-4 (E.D.N.Y Nov. 22, 2010); *Herbert Ltd. P'ship*, 325 F. Supp. 2d at 286. The Court weighs more heavily the convenience of non-party witnesses than party witnesses in conducting this analysis. *MASTR Asset Backed Sec. Trust 2007–WMC1 v. WMC Mortg. LLC*, 888 F. Supp. 2d 418, 422 (S.D.N.Y. 2012); *Pilevesky*, 2010 WL 4879006, at *3 (collecting cases).

All of Defendants' personnel are located in the Northern District of California. Of the two founders who designed and created the website at issue, one is in the Northern District, and the other (a non-party no longer associated with either company) is in Las Vegas. The independent consultant responsible for accessing archived data for Defendants, also a third party, is in the Bay Area. Presumably, all of the Plaintiffs' employee and officer witnesses will be found at their Phoenix, Arizona headquarters, much closer to the Northern District than to New York. By contrast, we are unaware of a single witness—party or nonparty—found in this District. This factor strongly favors transfer.

### 4. Location of Documents and Access to Proof

For the same reasons, this factor favors transfer. All of Defendants' personnel, documents and systems are in the Northern District or elsewhere in California.[2] As far as we are aware, there is not a single piece of relevant evidence east of Phoenix.[3]

### 5. Convenience of the Parties

The Northern District is clearly more convenient to the Defendants, all four of whom are found there. It is also far more convenient (at least geographically) for the Plaintiffs: Phoenix is 750 miles from San Francisco, and 2,452 miles from New York.

### 6. Availability of Process

This factor tips sharply to transfer as well. Defendants' employees and contractors, including those discussed above, are amenable to service of process in the Northern District of

---

[2] To the extent Defendants' data is hosted "in the cloud" with third-party vendors, it could be located anywhere, but is accessed by Defendants from their facilities in Santa Clara.

[3] We are informed that Apollo has a second office in Chicago, but have no reason to believe that any relevant documents are located there; in any event, Chicago is equally convenient to New York and San Francisco.

{F1214945.1}                                    7

California.  None are subject to the subpoena power of this Court.  Plaintiffs' employees are beyond the subpoena power of both the proposed transferor and proposed transferee courts.

### 7. Remaining Factors

The remaining factors do not appear relevant here, and favor neither party.  The parties are primarily corporations of relatively similar size:  Apollo is larger, but both can reasonably afford to litigate in either forum.  Familiarity with governing law is also "a wash":  The Southern District of New York and the Northern District of California are probably the two Districts in the nation most familiar with copyright law, as are their two appellate Circuits.  And both Districts are too busy, overburdened by sequestration, and with roughly the same time to trial.  These three factors, we submit, favor neither side.

## III.  CONCLUSION

This case should be transferred to the Northern District of California.  There is no nexus to this Court or this District.  All of the Defendants, all of the underlying events, and most of the evidence are found in the Bay Area.  The Plaintiffs and their evidence are also in the Ninth Circuit, in Arizona.  Nothing relevant to any Section 1404(a) factor is found here.

Respectfully submitted,

Dated: April 25, 2013
      New York, NY

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By: _____
    James D. Weinberger

jweinberger@fzlz.com
866 United Nations Plaza
New York, New York 10017
Telephone: (212) 813-5900
Facsimile: (212) 813-5901

Michael H. Page (*admitted pro hac vice*)
mpage@durietangri.com
DURIE TANGRI LLP
217 Leidesdorff Street
San Francisco, California  94111
Telephone: (415) 362-6666
Facsimile: (415) 236-6300

Attorneys for Defendants Chegg, Inc., Student of Fortune, Inc. and Daniel Rosensweig

## **CERTIFICATE OF SERVICE**

I certify that all counsel of record is being served on April 25, 2013 with a copy of this document via the Court's CM/ECF system.

    Gregory Paul Gulia
    Robert Terry Parker
    Vanessa C. Hew
    Duane Morris, LLP (NYC)
    1540 Broadway
    New York, NY 10036-4086
    Tel: (212) 692-1000
    Fax: (212) 692-1020
    Email: gpgulia@duanemorris.com
           tparker@duanemorris.com
           vchew@duanemorris.com

    Larry Selander
    Duane Morris, LLP (IL)
    190 South LaSalle Street, Suite3700
    Chicago, IL 60603
    Tel: (312) 499-0147
    Fax: (212) 692-1020
    Email: lselander@duanemorris.com

    Attorneys for Plaintiffs
    Apollo Group, Inc. and University of Phoenix, Inc.

_____
James D. Weinberger