**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

APOLLO GROUP, INC. and UNIVERSITY OF
PHOENIX, INC.,

                    Plaintiffs,

    -against-

CHEGG, INC., STUDENT OF FORTUNE, INC.,
DANIEL ROSENSWEIG, and SEAN
MCCLEESE,

                    Defendants.

---

**13 Civ. 01336 (AJN)**

**MEMORANDUM OF LAW IN SUPPORT OF**
**SPECIALLY-APPEARING DEFENDANT SEAN MCCLEESE'S MOTION TO DISMISS**
**FOR LACK OF PERSONAL JURISDICTION AND IMPROPER VENUE**

GREENBERG TRAURIG LLP
William C. Silverman
MetLife Building 200 Park Avenue
New York, NY 10166
Telephone: (212) 801-3148
Facsimile: (212) 801-6400
Email: silvermanw@gtlaw.com

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................. 1

FACTUAL ALLEGATIONS .................................................................................... 2

ARGUMENT ............................................................................................................ 3

I.     THE COURT LACKS PERSONAL JURISDICTION OVER MR. MCCLEESE ........... 3

     A.     Plaintiffs' Complaint Fails To Demonstrate That This Court Has Personal Jurisdiction Over Mr. McCleese Under New York's Long Arm Statute .............. 4

          1.     There Are No Bases For Exercising General Jurisdiction Over Mr. McCleese .................................................................................................... 5

          2.     The Complaint Does Not Allege Grounds Supporting Specific Jurisdiction ................................................................................................. 6

     B.     Even if Jurisdiction Were Permissible Under New York's Long Arm Statute, it Would Offend Traditional Notions of Fair Play And Substantial Justice To Exercise Jurisdiction Here .................................................................... 8

II.    VENUE ALSO IS IMPROPER IN THIS DISTRICT ..................................................... 11

CONCLUSION ......................................................................................................... 12

# TABLE OF AUTHORITIES

**Federal Cases**

*Asahi Metal Indus. Co., Ltd. v.Super. Ct. of CA, Solano Cty.,*
    480 U.S. 102 (1987)...........................................................................................9-10

*Bensusan Restaurant Corp. v. King,*
    126 F.3d 25 (2d Cir. 1997)...................................................................................... 7

*Capitol Records, Inc. v. MP3tunes, LLC,*
    07 CIV. 9931 (WHP), 2008 WL 4450259 (S.D.N.Y. Sept. 29, 2008) .................... 8

*Capitol Records, L.L.C. v. SeeqPod, Inc.,*
    09CIV01584 (LTS), 2010 WL 481228 (S.D.N.Y. Feb. 1, 2010) .................... 6, 7, 8

*Carell v. Shubert Org., Inc.,*
    104 F. Supp. 2d 236 (S.D.N.Y. 2000)..................................................................... 8

*Drucker Cornell v. Assicurazioni Generali S.p.A. Consol.,*
    97 CIV2262 (MBM), 2000 WL 284222 (S.D.N.Y. Mar. 16, 2000)......................... 8

*E.P.A. v. Port Auth. of New York & New Jersey,*
    162 F. Supp. 2d 173 (S.D.N.Y. 2001) ................................................................... 11

*G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.,*
    97 CIV 0730 (LAP), 1998 WL 78292 (S.D.N.Y. Feb. 24, 1998)......................... 12

*Garg v. Winterthur,*
    05 CIV 5870 (LTS), 2007 WL 136263 (S.D.N.Y. Jan. 18, 2007)................... 11, 12

*Guo Jin v. EBI, Inc.,*
    05CV4201(NGG), 2008 WL 896192 (E.D.N.Y. Mar. 31, 2008) ........................... 4

*Hsin Ten Enter. USA, Inc. v. Clark Enterprises,*
    138 F. Supp. 2d 449 (S.D.N.Y. 2000)..................................................................... 5

*Int'l Customs Associates, Inc. v. Ford Motor Co.,*
    893 F. Supp. 1251 (S.D.N.Y. 1995)....................................................................... 8

*Jazini v. Nissan Motor Co., Ltd.,*
    148 F.3d 181 (2d Cir. 1998).............................................................................. 3, 4

*Krepps v. Reiner,*
    588 F. Supp. 2d 471 (S.D.N.Y. 2008).................................................................... 4

*Merck & Co., Inc. v. Mediplan Health Consulting, Inc.,*
    425 F. Supp. 2d 402 (S.D.N.Y. 2006).................................................................7, 9

*Metro. Life Ins. Co. v. Robertson-Ceco Corp.,*
    84 F.3d 560 (2d Cir. 1996)............................................................................. 10, 11

*Overseas Media, Inc. v. Skvortsov,*
    407 F. Supp. 2d 563 (S.D.N.Y. 2006).................................................................4-5

*Realuyo v. Villa Abrille,*
  01 CIV. 10158 (JGK), 2003 WL 21537754 (S.D.N.Y. July 8, 2003) ..................................... 9

*Senese v. Hindle,*
  11-CV-0072 (RJD), 2011 WL 4536955 (E.D.N.Y. Sept. 9, 2011) .............................. 5, 6, 7-8

*Spencer Trask Ventures, Inc. v. Archos S.A.,*
  01 CIV. 1169 (LAP), 2002 WL 417192 (S.D.N.Y. Mar. 18, 2002) ....................................... 9

*Welsh v. Servicemaster Corp.,*
  930 F. Supp. 908 (S.D.N.Y. 1996) ......................................................................... 3-4, 5, 7

*Whitaker v. Am. Telecasting, Inc.,*
  261 F.3d 196 (2d Cir. 2001) ................................................................................................ 5

**State Cases**

*Laufer v. Ostrow,*
  55 N.Y.2d 305 (1982) ........................................................................................................... 5

*Simonson v. Int'l Bank,*
  14 N.Y.2d 281 (1964) ........................................................................................................... 5

**Federal Statutes**

17 U.S.C. § 512(c) ...................................................................................................................... 2

28 U.S.C. § 1391 ....................................................................................................................... 12

28 U.S.C. § 1391(b)(2) ............................................................................................................. 11

28 U.S.C. § 1391(c)(2) ............................................................................................................. 11

28 U.S.C. § 1406(a) .................................................................................................................. 11

**State Statutes**

N.Y. C.P.L.R. § 301 ................................................................................................................... 4

N.Y. C.P.L.R. § 302 ................................................................................................................... 4

N.Y. C.P.L.R. § 302(a)(1) .......................................................................................................... 6

N.Y. C.P.L.R. § 302(a)(2) .......................................................................................................... 7

Specially-appearing defendant Sean McCleese ("Mr. McCleese") respectfully submits this Memorandum of Law in Support of his Motion to Dismiss for Lack of Personal Jurisdiction and Improper Venue.

## PRELIMINARY STATEMENT

Plaintiffs Apollo Group, Inc. and University of Phoenix, Inc.'s (collectively, "plaintiffs") are clearly forum shopping. They have come all the way from Arizona to sue California residents in New York, yet they have absolutely no grounds for hauling Mr. McCleese here with them. Plaintiffs' Complaint contains nothing more than conclusory allegations of jurisdiction that parrot the relevant statutory language. Their Complaint is absolutely devoid of any facts to support exercising jurisdiction over Mr. McCleese for copyright infringement allegedly committed on the website owned and operated by defendant Student of Fortune, Inc. ("Student of Fortune"), www.studentoffortune.com ("SOF Website").

Mr. McCleese is a California resident with no contacts with the state of New York whatsoever. He does not own real property in the state. He does not regularly travel to the state. Nor does he have any financial accounts or business in New York. Nothing in plaintiffs' Complaint even remotely suggests otherwise. Nor does it suggest that the alleged copyright violations even occurred anywhere near New York. Yet plaintiffs demand that Mr. McCleese should be dragged across country because he founded Student of Fortune years ago, although plaintiffs effectively admit he relinquished ownership in 2011. Further, their baseless conclusion that jurisdiction exists because the SOF Website could be accessed by New Yorkers is not supported by law. Plaintiffs' bare-bone claims are not supported by facts.

Even if the Complaint alleged sufficient facts to warrant exercising jurisdiction under New York's long arm statutes (which it does not), the quality and nature of Mr. McCleese's

contacts with New York are insufficient to warrant exercising jurisdiction.  Moreover, it would be wholly unreasonable to force him to litigate here, particularly when New York has no interest in hosting a dispute between two Arizona companies and four California-based defendants. Neither this Court nor justice can condone plaintiffs' forum-shopping.

For similar reasons, venue is wholly improper here as plaintiffs merely identify the venue statute and state no facts to support litigating in this District.   As with their conclusory jurisdictional allegations, plaintiffs assert venue based solely "upon information and belief" – not facts sufficient to satisfy pleading standards.

For all these reasons, this Court should dismiss plaintiffs' action against Mr. McCleese.

## FACTUAL ALLEGATIONS

Plaintiffs, which are both Arizona citizens, operate an online educational institution targeted at adult students.  *See* Compl. ¶ 19.  On February 27, 2013, they filed this six count suit alleging copyright infringement claims against defendants Chegg, Inc. ("Chegg"), Student of Fortune, Daniel Rosensweig ("Rosensweig") and Mr. McCleese (collectively "defendants").  *See* Compl. ¶¶ 1-2.  The gravamen of plaintiffs' action is that defendants allegedly violated copyright laws by allowing users of the SOF Website to post plaintiffs' educational outlines and failing to proactively monitor and remove the material from the SOF Website.  *See* Compl. at 1-2.[1]

Plaintiffs admit that Student of Fortune is a Delaware corporation with its principal place of business in California, just as is its parent company, Chegg, which acquired Student of Fortune in 2011.  *See* Compl. ¶¶ 3-4.  Plaintiffs assert that defendant Rosensweig has offices in California and is Chegg's CEO.  Compl. ¶ 6.

---

[1]     Although not material to this motion, any claim for copyright infringement in this case would be barred by the safe harbor created by the Digital Millennium Copyright Act, 17 U.S.C. § 512(c).

2

As it concerns Mr. McCleese, plaintiffs simply allege that he has offices in California, was the founder and officer of Student of Fortune, and purportedly participated in the supposed infringing activities and maintains substantial contacts with New York. *See* Compl. ¶¶ 7, 13. However, *all* of plaintiffs' jurisdictional allegations are stated "upon information and belief." *See id*. Further, nowhere in the Complaint do plaintiffs assert *any* facts to suggest that any events relevant to their claims occurred in New York. *See generally* Compl.

In reality, Mr. McCleese has no relevant contacts with the state whatsoever. *See* McCleese Decl. ¶¶ 7-10. He was born and raised in California. McCleese Decl. ¶¶ 3. He has never owned property, bank accounts, or done business in New York. McCleese Decl. ¶¶ 7-9. And he has only visited New York just once, when he was in the state for two days to see a Broadway play. McCleese Decl. ¶ 10.

## ARGUMENT

### I.   THE COURT LACKS PERSONAL JURISDICTION OVER MR. MCCLEESE

On a Rule 12(b)(2) motion to dismiss, the court must dismiss the defendant from the suit if plaintiff's complaint does not contain "legally sufficient allegations of jurisdiction." *Jazini v. Nissan Motor Co., Ltd.*, 148 F.3d 181, 184 (2d Cir. 1998) (quotation and citation omitted) (affirming dismissal on grounds that plaintiff did not make a *prima facie* showing). While the court will construe all pleadings and affidavits in light most favorable to plaintiffs, it need not accept "conclusory statements-without any supporting facts[.]" *Id.* at 185 (allegations were "but a restatement of two of the factors to be considered under the standards"); *accord Hsin Ten Enter. USA, Inc. v. Clark Enters.*, 138 F. Supp. 2d 449, 452 (S.D.N.Y. 2000) ("a court may consider matters outside the pleadings"). Hence, allegations based "upon information and belief" will not suffice. *See, e.g., Welsh v. Servicemaster Corp.*, 930 F. Supp. 908, 910

3

(S.D.N.Y. 1996) (dismissing complaint alleging only "'that upon information and belief' defendants are doing business in New York" as such "broad allegations fall far short of showing a presence in New York"); *see also Guo Jin v. EBI, Inc.*, 05CV4201(NGG), 2008 WL 896192, at *2 (E.D.N.Y. Mar. 31, 2008) ("Conclusory allegations showing the presence of jurisdiction, particularly those stated only upon 'information and belief,' are insufficient to establish that the court has personal jurisdiction over the defendant."). A plaintiff must make a "*prima facie* showing of jurisdiction" with specific "averments of fact that, if credited by the ultimate trier of fact, would suffice to establish jurisdiction." *Krepps v. Reiner*, 588 F. Supp. 2d 471, 478-79 (S.D.N.Y. 2008) (developer's in-state web-based purchase could not be used to establish jurisdiction). Absent such a showing, dismissal is necessary. *Jazini*, 148 F.3d at 184; *Guo Jin*, 2008 WL 896192, at *3 (granting dismissal "given that Jin has not made a *prima facie* showing of jurisdiction, it would be inappropriate to allow him discovery on this issue").

Plaintiffs assert jurisdiction is proper because "Defendants are conducting business in this District and committing unlawful acts in this State . . . which causes harm in this State and District." Compl. ¶ 9. Mr. McCleese neither transacted business in New York nor has he committed any tortious act within the state, and plaintiffs' Complaint does not demonstrate otherwise. Thus, it must be dismissed.

A.    **Plaintiffs' Complaint Fails To Demonstrate That This Court Has Personal Jurisdiction Over Mr. McCleese Under New York's Long Arm Statute**

To determine whether jurisdiction is appropriate, the court first determines whether exercising jurisdiction would be appropriate under New York's jurisdictional statutes, C.P.L.R. §§ 301, 302,[2] and if it would be, "the court must decide whether such exercise comports with the

---

[2]        "Because there is no specific federal statute governing personal jurisdiction on a copyright claim, this Court must look to the provisions of state law, namely, New York's CPLR §§ 301-302 (McKinney 2005)." *Overseas*

requisites of due process." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001). Neither the New York long arm statutes nor constitutional standards of due process support exercising jurisdiction over Mr. McCleese.

       1.      <u>There Are No Bases For Exercising General Jurisdiction Over Mr. McCleese.</u>

Mr. McCleese has not engaged in a continuous and systematic course of doing business in New York (let alone conducted *any* business in the state). Section 301 subjects a non-domiciliary to personal jurisdiction in New York for any cause of action if he is "engaged in such a continuous and systematic course of 'doing business' here as to warrant a finding of [his] 'presence' in this jurisdiction." *Senese v. Hindle*, 11-CV-0072 (RJD), 2011 WL 4536955, at *8 (E.D.N.Y. Sept. 9, 2011) (quoting *Simonson v. Int'l Bank,* 14 N.Y.2d 281, 285 (1964)). "The defendant must be "doing business" in New York "not occasionally or casually, but with a fair measure of permanence and continuity." *Id.* (quoting *Laufer v. Ostrow,* 55 N.Y.2d 305, 310 (1982)).

The Complaint does not allege any facts demonstrating that Mr. McCleese has done any business in New York, let alone "continuous and systematic" business. Plaintiffs simply state that "upon information and belief" McCleese is doing business here. Compl. ¶¶ 10-11. Such a conclusory allegation is insufficient to warrant exercising personal jurisdiction. *See, e.g., Welsh,* 930 F. Supp. at 910 (dismissing complaint because allegations based "upon information and belief" will not suffice). Further, plaintiffs have not alleged that Mr. McCleese, in his individual capacity, has transacted any business in New York whatsoever. *See Hsin Ten Enters.*, 138 F. Supp. 2d at 456-57 (dismissing infringement claims against owner of a corporate defendant because "Plaintiff has not alleged that Clifford Clark, in his individual capacity, has transacted

---

*Media, Inc. v. Skvortsov*, 407 F. Supp. 2d 563, 567 (S.D.N.Y. 2006) (citations omitted), *aff'd,* 277 F. App'x 92 (2d Cir. 2008).

business in New York").   Nor could they, as Mr. McCleese has absolutely no contacts with New

York and any relationship he had with Student of Fortune is insufficient to confer jurisdiction.

*See* McCleese Decl. ¶¶ 3-10.  To borrow from the opinion of one New York federal court:

> Notably absent from the record are any of the factors that New
> York courts typically look to in assessing whether a defendant is
> doing business in the state: defendant maintains neither a residence
> nor an office in New York; he apparently does not have bank
> accounts or other property in the state; and no claim has been made
> that he has employees or agents in New York.  The fact that a
> defendant has a website accessible to New Yorkers is insufficient
> to confer jurisdiction under section 301.

*Senese*, 2011 WL 4536955, at *8.  Indeed, plaintiffs have only parroted typical jurisdictional

language but have not come close to demonstrating the kind of "continuous and systematic"

business activities necessary to warrant exercising jurisdiction.

2.   <u>The Complaint Does Not Allege Grounds Supporting Specific Jurisdiction.</u>

Likewise, the Complaint lacks any factual bases for exercising specific jurisdiction under

the two relevant subsections of C.P.L.R. § 302.

First, jurisdiction under § 302(a)(1) is unfounded because plaintiffs have not and cannot

allege any facts demonstrating that Mr. McCleese transacts business in New York or contracts

for goods or services here.  Subsection 302(a)(1) authorizes a court to exercise jurisdiction over a

nonresident if he "transacts any business within the state or contracts anywhere to supply goods

or services in the state[.]"  N.Y. C.P.L.R. § 302(a)(1); *accord* Compl. ¶ 9 (alleging defendants

are conducting business in this district).  But, as established *supra*, Mr. McCleese has transacted

no business within the state of New York.  *See supra* § I.A.1; *see also* McCleese Decl. ¶¶ 6, 9.

And plaintiffs allege no facts to the contrary.  *See, e.g., Capitol Records, L.L.C. v. SeeqPod, Inc.*,

09CIV01584 (LTS), 2010 WL 481228, at *4 (S.D.N.Y. Feb. 1, 2010) ("Plaintiffs fail to allege

any specific facts with regard to any transactions made in New York by any of the Moving

6

Defendants and therefore fail to establish jurisdiction over any of the Moving Defendants pursuant to N.Y. C.P.L.R. § 302(a)(1)."). Moreover, simply asserting in a conclusory fashion that – based "upon information and belief" – Mr. McCleese was associated with an interactive website purportedly available to New Yorkers is equally insufficient. *See* Compl. ¶¶ 10, 11, 13; *Welsh,* 930 F. Supp. at 910; *SeeqPod, Inc*, 2010 WL 481228, at *4 ("To the extent Plaintiffs' jurisdictional contentions are premised on the availability of the SeeqPod website to New Yorkers, Plaintiffs' effort to proffer a prima facie case fails because they have alleged no facts demonstrating interactive conduct with the website by New Yorkers, much less the requisite purposeful transactional activity directed to New York."); *Merck & Co., Inc. v. Mediplan Health Consulting, Inc.*, 425 F. Supp. 2d 402, 419-20 (S.D.N.Y. 2006) ("Plaintiffs also argue that Thorkelson was the registered owner of the site and intentionally induced the company's infringement. But plaintiffs fail to allege any specific actions on the part of Thorkelson, and a presumption is not enough.").

Second, jurisdiction under § 302(a)(2) also fails by virtue of the lack of adequate factual support to warrant exercising jurisdiction. Subsection (a)(2) permits personal jurisdiction over a nonresident if he "commits a tortious act within the state." N.Y. C.P.L.R. § 302(a)(2). The defendant must be physically present in the state to satisfy this standard. *See Bensusan Restaurant Corp. v. King,* 126 F.3d 25, 28 (2d Cir. 1997). Plaintiffs do not allege Mr. McCleese was ever physically present in New York when the alleged infringement occurred. Nor do they contend that he personally engaged in any tortious actions within the state. Rather, plaintiffs merely assert that– upon information and belief – Mr. McCleese is somehow responsible because he was allegedly a founder of Student of Fortune and purportedly controlled the SOF Website at some point in time. *See* Compl. ¶¶ 7, 13. These bare-bone accusations will not suffice. *See*

7

*Senese*, 2011 WL 4536955, at *3 ("[Plaintiff's] perfunctory accusation, devoid of any specific factual allegations, plainly does not rise to the level of a prima facie showing of jurisdiction."); *Capitol Records, Inc. v. MP3tunes, LLC*, 07 CIV 9931 (WHP), 2008 WL 4450259, at *5 (S.D.N.Y. Sept. 29, 2008) (granting motion to dismiss because "Plaintiffs' assertion that Robertson benefits from and exercises control over MP3tunes' infringing activities is conclusory"); *Carell v. Shubert Org., Inc.*, 104 F. Supp. 2d 236, 271 (S.D.N.Y. 2000) (granting motion to dismiss as to executive defendants because "[a]bsent from the Complaint is any description of acts that could lead to the conclusion of direct copyright or trademark infringement, or allegations of authorization or participation that would indicate vicarious liability or contributory infringement").  Also, even if plaintiffs' baseless claims were supported by fact, they would still be insufficient as simply owning a website does not confer jurisdiction. *See, e.g., SeeqPod*, 2010 WL 481228, at *4; *Drucker Cornell v. Assicurazioni Generali S.p.A. Consol.*, 97 CIV2262 (MBM), 2000 WL 284222, at *2 (S.D.N.Y. Mar. 16, 2000) ("A firm does not 'do[ ] business' in New York simply because New York citizens can contact the firm via the worldwide web.").  Thus, absent actual factual allegations establishing Mr. McCleese committed a tort within New York, plaintiffs' Complaint cannot survive.

**B.**     **Even if Jurisdiction Were Permissible Under New York's Long Arm Statute, it Would Offend Traditional Notions of Fair Play And Substantial Justice To Exercise Jurisdiction Here**

Because the relevant New York statutes provide no grounds for jurisdiction over Mr. McCleese, the Court need not further consider due process.  *See, e.g., Int'l Customs Assocs., Inc. v. Ford Motor Co.*, 893 F. Supp. 1251, 1262, n.10 (S.D.N.Y. 1995), *aff'd,* 201 F.3d 431 (2d Cir. 1999) ("Because Lio Ho's activities in New York do not constitute the transaction of business as defined by CPLR § 302(a)(1), there is no need to determine whether the assertion of jurisdiction

would comport with due process.").  Nevertheless, the assertion of personal jurisdiction over Mr. McCleese would not satisfy the due process clause of the Constitution.

First, Mr. McCleese has insufficient minimum contacts with New York.  He was born and raised in California, and lives and does business in California.  McCleese Decl. ¶ 3.  Indeed, he has never lived or worked in New York, or owned property there.  McCleese Decl. ¶¶ 6-7, 9. He has not transacted business in New York, or had any accounts or offices in New York. McCleese Decl. ¶¶ 6, 8-9.  His only connection to the state was a single visit to Broadway during a two-day trip to New York.  McCleese Decl. ¶ 10.  "Random" and "sporadic" contacts, such as this, "are not sufficient to satisfy the due process clause." *E.g., Spencer Trask Ventures, Inc. v. Archos S.A.*, 01 CIV. 1169 (LAP), 2002 WL 417192, at *7 (S.D.N.Y. Mar. 18, 2002) (granting motion to dismiss where contacts consisted of a brief meeting in New York).  Moreover, Mr. McCleese's past ownership of a website that could be accessed in New York is not sufficient to create a constitutionally sufficient nexus between him and New York.  *See Merck & Co.*, 425 F. Supp. 2d at 420 (allegations that former president "was the registered owner of the site and intentionally induced company's infringement" was insufficient in light of his "declaration in which he admits that the site had been registered in his name, but asserts that the Canada Drugs.com Partnership is the site's owner"); *Realuyo v. Villa Abrille*, 01 CIV. 10158 (JGK), 2003 WL 21537754, at *10 (S.D.N.Y. July 8, 2003) (dismissing complaint as against owner of website, stating "the fact that the allegedly libelous article is published on a website available to readers in New York is insufficient to exercise jurisdiction over INQ 7 consistent with due process"), *aff'd* 93 F. App'x 297 (2d Cir. 2004).

Second, even if Mr. McCleese had sufficient minimum contacts, it would be unreasonable to force him to litigate here.  *See Asahi Metal Indus. Co., Ltd. v. Super. Ct. of CA,*

9

*Solano Cty.,* 480 U.S. 102, 113 (1987) (requiring reasonableness in order to assert jurisdiction). He would incur significant burden having to travel across the country to litigate a dispute brought by two companies that are based elsewhere and are obviously forum shopping. McCleese Decl. ¶ 11. New York has absolutely no interest in providing a forum for two Arizona companies to adjudicate a dispute against California-based defendants concerning operating a website based in California. *See* Compl. ¶¶ 1-7; *e.g., Metro. Life Ins. Co. v. Robertson-Ceco Corp.*, 84 F.3d 560, 574 (2d Cir. 1996) ("We find that the dispute between Met Life and Robertson implicates absolutely no interest of the State of Vermont. . . . Accordingly, we believe this factor weighs heavily against the reasonableness of the court's exercise of general jurisdiction over Robertson."). Further, plaintiffs' interest in litigating in New York is wholly tactical (to increase the cost and burden to Mr. McCleese) as evidenced by the fact that plaintiffs themselves are neither New York citizens nor have they alleged that any of the underlying facts occurred here or that any witnesses are located in New York. *E.g., Metro. Life Ins.*, 84 F.3d at 574 ("Met Life is not a Vermont citizen and it has not identified any witnesses … It appears that Met Life's only interest in litigating in Vermont stems from its belief that the forum may offer a more generous statute of limitations[.]"). Finally, all witnesses and evidence supporting defendants' alleged infringement would be located in California where defendants reside. *See* McCleese Decl. ¶¶ 11.

No events occurred here. No witnesses are based here. No injury arose here. Under the totality of the circumstances, this suit presents a compelling case that exercising jurisdiction would be unreasonable (and nothing in the Complaint counters this conclusion). Accordingly, even if the Court were to find that jurisdiction were authorized under New York's long arm statutes, it should dismiss plaintiffs' Complaint because the assertion of personal jurisdiction

10

over Mr. McCleese would be inconsistent with traditional notions of fair play and substantial justice. *See, e.g., Metro. Life Ins.*, 84 F.3d at 574 (dismissing complaint because, although state statute permitted exercising jurisdiction, doing so would not comport with constitutional standards).

## II.     <u>VENUE ALSO IS IMPROPER IN THIS DISTRICT</u>

If this Court were to find personal jurisdiction over Mr. McCleese, it nonetheless should dismiss plaintiffs' Complaint for improper venue.   Pursuant to 28 U.S.C. § 1406(a), a court should dismiss a case filed within the wrong district.  *See E.P.A. v. Port Auth. of New York & New Jersey*, 162 F. Supp. 2d 173, 183 (S.D.N.Y. 2001) (dismissing action for improper venue). The plaintiff has the burden to properly plead facts demonstrating that the selected venue is proper "for each claim asserted[.]"  *Id.*  In evaluating whether venue is proper, a court should accept as true only properly pled allegations in the complaint and draw reasonable inferences in plaintiff's favor unless those allegations are contradicted by the defendant's affidavits.  *Id.*; *see Garg v. Winterthur*, 05 CIV. 5870 (LTS), 2007 WL 136263, at *1 (S.D.N.Y. Jan. 18, 2007) ("in deciding a motion for improper venue 'a court may consider facts outside the pleadings'") (citation omitted).  Altogether, where the complaint's allegations are insufficient as to venue, the court should dismiss the case.  *See, e.g., Garg*, 2007 WL 136263, at **2-3 (dismissing case because the only allegation referencing the Southern District of New York was that plaintiff currently resided in New York City).

In this case, venue is not proper in the Southern District of New York as confirmed by the absence of factual support in the Complaint.   Plaintiffs broadly assert that venue is proper pursuant to 28 U.S.C. § 1391(b)(2) and (c)(2) "because a substantial part of the events or omissions giving rise to the claim occurred in this District[.]" Compl. ¶ 15.  There are absolutely

11

no facts in the Complaint asserting any events or omissions occurred in New York at all, however, let alone any "significant events" within this District. *See Garg*, 2007 WL 136263, at **2-3. Therefore, because Plaintiffs' conclusory allegations alone do not and cannot support a finding of proper venue, this suit must be dismissed. *See, e.g., G.F.C. Fashions, Ltd. v. Goody's Family Clothing, Inc.*, 97 CIV. 0730 (LAP), 1998 WL 78292, at *3 n.4 (S.D.N.Y. Feb. 24, 1998) ("These general and conclusory allegations do not alone support a finding of venue under § 1392(b).").[3]

## CONCLUSION

For the foregoing reasons, specially-appearing defendant Sean McCleese respectfully requests that this Court dismiss him from this action for lack of personal jurisdiction or, in the alternative, dismiss this action for improper venue.

Dated:  New York, New York
        April 25, 2013

Respectfully submitted,

GREENBERG TRAURIG LLP


/s/ William C. Silverman
William C. Silverman
MetLife Building 200 Park Avenue
New York, NY 10166
Telephone: (212) 801-3148
Facsimile: (212) 801-6400
Email: silvermanw@gtlaw.com

---

[3]      Plaintiffs also erroneously suggest that venue is proper under 28 U.S.C. § 1391 "because Defendants are subject to the Court's personal jurisdiction in this District with respect to this action." (Compl. ¶ 15.)  Their reliance on § 1391 is misplaced because, even if Mr. McCleese were subject to personal jurisdiction here, nothing in the statute establishes that venue would be proper on this basis.